**Erich D. RYLL, Jr., Plaintiff–Appellant,**

v.

**MERCK & COMPANY, INC., Defendant–Appellee.**

No. 03–15891.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 6, 2004.

Decided Oct. 25, 2004.

Before: TROTT, MCKEOWN, Circuit Judges, and SHADUR,* Senior District Judge.

* Hon. Milton I. Shadur, Senior U.S. District Judge for Northern Illinois, sitting by designation.

MEMORANDUM **

Erich Ryll appeals the district court's order granting Merck & Company's motion for summary judgment on Ryll's wrongful termination and defamation claims. Reviewing de novo, and viewing the evidence in the light most favorable to Ryll, we affirm.

In *Guz v. Bechtel Nat'l Inc.,* 24 Cal.4th 317, 336–37, 100 Cal.Rptr.2d 352, 365, 8 P.3d 1089 (2000), the California Supreme Court identified several factors to apply in determining whether an implied-in-fact agreement exists that places limits on the employer's right to discharge an employee. These factors include the personnel policies or practices of the employer, the employee's longevity of service, actions or communications by the employer reflecting assurances of continued employment, and the practices of the industry in which the employee is engaged. *Id.*

As to Merck's personnel policies and practices, Merck's policy specifically provides that employment is at-will. Ryll's lack of knowledge of this policy does not show that he was promised something other than at-will employment. Ryll's reliance on Moses Johnson's deposition testimony is misplaced. The California Supreme Court in *Guz* rejected almost identical testimony by the company president as the basis of an implied contract. 24 Cal.4th at 345, 100 Cal.Rptr.2d 352, 8 P.3d 1089.

In terms of the factors set out in *Guz,* all Ryll has to stand on is his long record of employment and his declaration that "serial managers, from serial divisions" told him that "as long as you do a good job, you are assured of a career until you decide to retire." California courts have

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

"consistently rejected the notion that evidence of positive performance reviews, commendations, salary increases, and vague assurances of long-term employment are sufficient to create a triable issue of fact as to whether the parties have implicitly agreed to modify the terms of an at-will employment arrangement." *Cellini v. Harcourt Brace & Co.,* 51 F.Supp.2d 1028, 1041–42 (S.D.Cal.1999). Thus, Ryll fails to raise a material issue of fact to dispute the presumption that he was an at-will employee whom Merck could terminate even absent good cause. We therefore need not address Ryll's argument that Merck did not have good cause to terminate him.

We also affirm the district court's conclusion that Ryll presented no admissible evidence to support his defamation claim. Ryll's second-hand account of the alleged defamatory statement is inadmissible hearsay. *See Courtney v. Canyon Television & Appliance Rental, Inc.,* 899 F.2d 845, 851 (9th Cir.1990).

AFFIRMED.